Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5761 | **DATE** | 4/5/2004 |
| **CASE TITLE** | Vision Church vs. Village of Long Grove | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion to Intervene

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The proposed intervenors' Motion to Intervene as Parties Plaintiff [10-1] is granted. See attached.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR - 6 2004 | |
| | Notified counsel by telephone. | date docketed | 33 |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR - 6 2004

VISION CHURCH, UNITED METHODIST, )
)
Plaintiff, )
)
v. ) Case No. 03 C 5761
) Honorable Charles R. Norgle
VILLAGE OF LONG GROVE, )
)
Defendants. )

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge:

Before the court is the proposed intervenors', the Northern Illinois Conference of the United Methodist Church and its Presiding Bishop, C. Joseph Sprague[1] ("the Conference"), Motion to Intervene as Parties Plaintiff [10-1]. For the following reasons, the motion is granted.

**I. BACKGROUND**

On August 18, 2003, Plaintiff, Vision Church, United Methodist ("Vision"), filed a complaint against Defendant, Village of Long Grove ("Long Grove"), seeking to enforce its rights to build and occupy a church on real property that it had purchased. Vision's Complaint was brought pursuant to the First and Fourteenth Amendments to the United States Constitution, the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.*, the Civil Rights Act of 1871,

---

[1] As an initial matter, the Motion to Intervene does not distinguish between the Northern Illinois Conference of the United Methodist Church and its Presiding Bishop, C. Joseph Sprague. No argument has been presented that Presiding Bishop, C. Joseph Sprague seeks intervention as an individual. Therefore, for purposes of the instant motion, the court will treat the Motion to Intervene as having been brought on behalf of one entity, the Northern Illinois Conference of the United Methodist Church.
The court takes judicial notice that the Northern Illinois Conference of the United Methodist Church has been recognized as a litigant in that form by the Seventh Circuit. See, e.g., Young v. Northern Illinois Conference of United Methodist Church, 21 F.3d 184 (7th Cir 1994).

33

42 U.S.C. § 1983, and various state laws.

On October 7, 2003, the Conference filed the instant Motion to Intervene. The Conference contends that they can intervene as of right in the instant lawsuit pursuant to Federal Rule of Civil Procedure 24(a). Alternatively, the Conference contends that the court should grant permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Long Grove objects to intervention, whether as of right or permissive. The motion is fully briefed and before the court.[2]

## II. DISCUSSION

### A. Intervention - Standard of Decision

"Pursuant to Federal Rule of Civil Procedure 24, intervention may be as of right or it may be permissive." Heartwood, Inc. v. U.S. Forest Service, Inc., 316 F.3d 694, 700 (7th Cir. 2003). In order to intervene as of right, the Conference must satisfy four requirements: (1) their motion to intervene must be timely; (2) they must possess an interest related to the property or transaction which is the subject of the pending action; (3) they must be so situated that the disposition of the action may as a practical matter impair or impede their ability to protect their interest; and (4) the existing parties to the action must not be adequate representatives of their interest. See Fed. R. Civ. P. 24(a); United States v. BDO Seidman, 337 F.3d 802, 808 (7th Cir. 2003); Heartwood, 316 F.3d at 700. Failure to satisfy any one of the four intervention factors is sufficient grounds to deny the intervention. See BDO Seidman, 337 F.3d at 808. However, a motion to intervene as of right "should not be dismissed unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint." Reich v. ABC/York-Estes Corp.,

---

[2] Vision has filed a response to the Motion to Intervene, in which it states that it supports the Conference's intervention. See Pl.'s Resp. to Mot. to Intervene [12-1].

64 F.3d 316, 321 (7th Cir. 1995).

In contrast to intervention as of right, "[p]ermissive intervention under Rule 24(b) is wholly discretionary...." Sokaogon Chippewa Community v. Babbitt, 214 F.3d 941, 949 (7th Cir. 2000). As the Seventh Circuit has stated, unlike Rule 24(a), the word "'interest' does not appear in Rule 24(b)." Solid Waste Agency of N. Cook County v. U.S. Army Corps of Eng'rs., 101 F.3d 503, 509 (7th Cir. 1996). "All that is required for permissive intervention . . . is that the applicant have a claim or defense in common with a claim or defense in the suit." Id. In exercising its discretion to grant or deny permissive intervention, the court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b); see also Heartwood, 316 F.3d at 701. The issue of prejudice "is not, however, a one-sided equation" and the court must balance the relative equities. Sokaogon, 214 F.3d at 950.

As an additional matter, because intervention cases are highly fact specific they tend to resist comparison to prior cases. See id. Within this standard of decision, the court will proceed to decide whether the Conference may intervene in this case.

**B. Intervention as of Right**

*1. Timeliness*

In regard to the first requirement, timeliness, "a prospective intervenor must move promptly to intervene as soon as it knows or has reason to know that its interests might be adversely affected by the outcome of the litigation." Heartwood, 316 F.3d at 701. Four factors are considered in determining whether a motion to intervene is timely: "'(1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; and (4) any other unusual

3

circumstances.'" Id. (quoting Sokaogon, 214 F.3d at 949).

On August 18, 2003, Vision filed the Complaint in this case against Long Grove. Approximately two months later, on October 7, 2003, the Conference filed the instant Motion to Intervene. The Conference indicates that it acted with diligence in assessing the need for intervention, and obtaining consensus within its organizational structure to proceed with intervention. See Memo. in Supp. of Mot. to Intervene, at 6. Long Grove raises no argument that the Conference's Motion to Intervene is untimely, and the court finds that the timing of the Conference's motion is reasonable. See People Who Care v. Rockford Bd. of Educ., 68 F.3d 172, 175 (7th Cir. 1995) (indicating that the issue of timeliness is essentially a reasonableness inquiry).

## 2. *Interest*

In regard to the second requirement, interest, a proposed intervenor must claim an interest relating to the property or transaction which is the subject of the pending case. See Fed. R. Civ. P. 24(a). The "interest" referred to in Rule 24(a) "has never been defined with particular precision," Security Ins. Co. of Hartford v. Schipporeit, 69 F.3d 1377, 1380 (7th Cir.1995), but the Seventh Circuit has indicated that the proposed intervenor "must show that the 'interest' asserted is a 'direct, significant, legally protectable' one." BDO Seidman, 337 F.3d at 808 (quoting Security Ins., 69 F.3d at 1380). "In ascertaining a potential intervenor's interest in a case, our cases focus on the issues to be resolved by the litigation and whether the potential intervenor has an interest in those issues." Reich, 64 F.3d at 322.

The Conference contends that it has an interest in the property owed by Vision, which is the ultimate subject of this case. The Conference describes its interests as an equitable trust interest and an ultimate reversionary interest.

With regard to the equitable trust interest, the Conference states: "As with all local church property in the United Methodist faith, Vision Church's real property (including the parcel in Long Grove) is held in trust by the larger denomination pursuant to the so-called 'trust clause' found in the Book of Discipline." See Memo. in Supp. of Mot. to Intervene, at 3-4 ¶ 3. To support this argument that the Conference possesses an equitable trust interest in the property that is the subject of this litigation, it points to a provision in an agreement between it and Vision, which is styled the Book of Discipline. That provision provides, *inter alia:* "... titles to all real and personal, tangible and intangible property held ... by a local church or charge ... shall be held in trust for The United Methodist Church and subject to the provisions of its Discipline." Id., Group Ex. A, ¶ 2501.

With regard to the ultimate reversionary interest, the Conference states: "As a companion to the equitable trust interest described, the Conference also has an ultimate reversionary interest in all local church real property, so that even if a local church is discontinued or abandoned, the property will continue to be held in trust for the benefit of the larger church." Id. at ¶ 5. To support this argument that the Conference possesses an ultimate reversionary interest in the property that is the subject of this litigation, it points to other provisions in the Book of Discipline. Those provisions provide that local church property shall revert to the Conference in the event that such property is no longer used for church purposes or becomes abandoned. See id., Group Ex. A, ¶ 2548.2, 2548.3. The Conference contends that these provisions in the Book of Discipline, the agreement between it and Vision, constitute "a well recognized, tangible and enforceable property interest, recognized by the U.S. Supreme Court as an 'express trust' and 'neutral principle of law' capable of enforcement in civil courts." Reply Memo. in Supp. of Mot. to Intervene, at 4 n.3 (quoting Jones v. Wolf, 443 U.S. 595, 601 n.2, 605-06 (1979)).

5

In response, Long Grove contends that the Conference's alleged interest is not sufficient to establish the Conference's right to intervene. As stated by Long Grove: "While the Conference refers to the property being held in trust and the Conference being a beneficiary of that trust, the Conference would have this court believe that the property is held in trust in the sense commonly understood - a land trust with the Conference being the beneficiary of that land trust." See Memo. in Opposition to Mot. to Intervene, at 3. According the Long Grove, a review of the Book of Discipline, relied on by the Conference in support of the argument that it possesses a sufficient interest, reveals no direct, significant, legally protectable interest, as contemplated by Rule 24(a).

In Jones v. Wolf, the United States Supreme Court stated that courts must be careful in construing religious documents, on account of First Amendment concerns, and must do so according to the "neutral-principles approach." 443 U.S. at 603. The Jones Court stated that the neutral-principles approach "relies exclusively on objective, well-established concepts of trust and property law ... free[ing] civil courts completely from entanglement in questions of religious doctrine, polity, and practice." Id. In this case, the court must determine whether the Book of Discipline, relied upon by the Conference, creates an interest warranting intervention. In so doing, the neutral-principles method requires the court to examine the Book of Discipline for language of trust by "scrutiniz[ing] the document in purely secular terms, and not [] rely[ing] on religious precepts in determining whether the document indicates that the parties have intended to create a trust." Id.

The court's review of the provisions of the Book of Discipline indicates that the Conference and Vision have intended to create a trust, and thus, the Conference does in fact have an interest in the real property owned by Vision, which is the subject matter of this case. Those provisions create an equitable trust interest; however, absent further documentation concerning Vision's real property,

6

the creation of an ultimate reversionary interest is less certain. However, at the very least, the Conference certainly has an interest sufficient to satisfy Rule 24(a). Cf. Reich, 64 F.3d at 323 (indicating that the interest referred to in Rule 24(a) is more than a "mere 'betting' interest" and less than a recognized property right; finding that dancers had a direct, significant and legally protectable interest in a lawsuit concerning their employment status as employees or independent contractors); SEC v. Flight Transportation Corp., 699 F.2d 943 (8th Cir. 1983) (finding that lessor with reversionary interest in equipment, which was held by receiver, had sufficient interest to warrant intervention as of right in SEC enforcement action). Furthermore, a motion to intervene as of right "should not be dismissed unless it appears to a certainty that the intervenor is not entitled to relief under any set of facts which could be proved under the complaint." Reich, 64 F.3d at 323.

### 3. *Disposition that May Impair or Impede Intervenor's Ability to Protect its Interests*

In regard to the third requirement, whether a disposition absent the proposed intervenor may impair or impede its ability to protect its interests, this element is easily satisfied in light of the finding that the Conference certainly has an interest sufficient to satisfy Rule 24(a). As discussed earlier, the agreement between the Conference and Vision, the Book of Discipline, serves to protect the Conference's interests and contemplates the Conference's ultimate interest in Vision's real property. A chance exists that a decision in this litigation might impact that ultimate interest, and as such supports intervention.

### 4. *Inadequacy of Representation of Intervenor's Interests*

In regard to the fourth requirement, the proposed intervenor's burden is minimal, and the intervenor need only show that existing representation may be inadequate to protect the intervenor's interests. See Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972). The proposed

7

intervenor meets this minimal burden by showing that the existing parties' interests are not completely identical to and may come into conflict with its own interests. See id.; cf. Solid Waste, 101 F.3d at 508 ("Where the interests of the original party and of the intervenor are identical--where in other words there is no conflict of interest--adequacy of representation is presumed."). "[T]he applicant should be treated as the best judge of whether the existing parties adequately represent his or her interests, and ... any doubt regarding adequacy of representation should be resolved in favor of the proposed intervenors." 6 James Wm. Moore, et al., Moore's Federal Practice § 24.03[4][a] (3d ed. 1999) (footnotes omitted).

Long Grove's primary argument in opposition to intervention is that the Conference's interests are adequately represented by Vision. While the Conference concedes that Vision is ably represented by counsel, it argues that its interests and Vision's interest are not identical. In response, the Conference contends that its interests are broader than Vision's. According to the Conference, its interests are broader than the local church, Vision, and further, in order to protect its interests, in the event of schismatic differences or other contingencies, it must protect those interests through its own counsel, who is specialized in United Methodist polity and related civil litigation issues.

The court finds that the Conference has met the minimal burden of showing that Vision's representation may be inadequate to protect its interests. See Trbovich, 404 U.S. at 538 n.10. As the Conference states, it possesses an interest in the property that is the subject of the instant lawsuit, which may become possessory in the event of schismatic differences or other contingencies as provided for in the agreement between it and Vision, the Book of Discipline. Thus, the interests of Vision and the Conference are not identical and Vision's representation may be inadequate to protect those divergent interests.

In sum, the court finds that the Conference has satisfied its burden in seeking intervention as of right pursuant to Federal Rule of Civil Procedure 24(a). Thus, having found that the Conference is entitled to intervention as of right, the court need not consider whether it would exercise its discretion and allow permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).

### III. CONCLUSION

For the reasons stated above, the Conference's Motion to Intervene as Parties Plaintiff is granted.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 4/5/04